IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 69,861-01






EX PARTE TYLER ANDERSON FREEMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-CR-0360-H IN THE 347TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with
government records and sentenced to five years' imprisonment. 

 Applicant contends that he is being denied credit for time spent while in the custody of the
Texas Department of Criminal Justice on the instant cause, but on bench warrant to answer different
charges. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall obtain affidavits from the Texas Department of Criminal Justice's Office of General
Counsel listing Applicant's sentence begin date, the dates of any release, whether for parole or
mandatory supervision, the dates of any charged out of custody time and the reasons for not giving
Applicant any time credit towards this sentence. Finally, the affidavit should indicate whether or not
Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date
when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the proper amount of time credit. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 4, 2008

Do not publish